IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUNNY GHOTRA SINGH, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 25-269J |
| | ) |
| v. | ) Magistrate Judge Maureen P. Kelly |
| | ) |
| LEONARD ODDO, *et. al.*, | ) Re: ECF No. 6 |
| | ) |
| Respondents. | ) |

## **MEMORANDUM OPINION**

Petitioner Sunny Ghotra Singh ("Petitioner") is an immigration detainee who, at the initiation of this matter, was held at the Moshannon Valley Processing Center ("MVPC") in Phillipsburg, Pennsylvania.[1] Petitioner submitted a "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241" (the initial "Petition") on August 21, 2025. ECF No. 1. Petitioner submitted an Amended Petition at this Court's direction on September 16, 2025. ECF No. 6.

In the Amended Petition, Petitioner challenges his lengthy immigration detention pursuant to 8 U.S.C. § 1231(a), and seeks release. Id. at 40. See also ECF No. 14 at 1 and ECF No. 21 at 2. For the reasons that follow, the Amended Petition will be granted.[2]

---

[1] Since this case began, Petitioner has been transferred between various detention facilities multiple times. See ECF Nos. 16, 17, 22, 26, and 28. Each of these transfers occurred without prior notice to this Court, and without its approval. Be that as it may, the transfers were effected well after the filing of this case, and do not divest this Court of jurisdiction. See Anariba v. Dir. Hudson Cnty. Corr. Ctr., 17 F.4th 434, 448 (3d Cir. 2021).

The undersigned also notes that Respondents failed to provide notice of any of these transfers within the three-day period set forth in the Service Order, ECF No. 8, and confirmed Petitioner's location only after explicit prompting by this Court.

[2] The Parties consented to the jurisdiction of a United States Magistrate Judge on October 19, 2025. ECF Nos. 11 and 13.

1

I. **RELEVANT BACKGROUND AND FACTS**

In the Amended Petition, Petitioner alleges that he is Indian.[3] ECF No. 6 at 11 and 123. He alleges that he has been detained by immigration officials since April 17, 2025. ECF No. 21 at 2. .

Petitioner entered the United States on a nonimmigrant visa as child in 1999. ECF No. 6 at 12. He was adopted by his uncle in the United States in 2010. Id. at 127-28.

The record indicates that Petitioner pleaded guilty in the United States District Court for the Western District of Arkansas to possessing a firearm while unlawfully present in the United States, in violation of 18 U.S.C. § 922(g)(5)(A), and that his conviction was affirmed by the United States Court of Appeals for the Eighth Circuit on September 19, 2019. United States v. Singh, 777 F. App'x 178 (8th Cir. 2019).

On December 4, 2019, Petitioner was served with a Notice to Appear charging him with being removable under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in

---

[3] Petitioner's underlying order of removal is based on Petitioner being a citizen of India, and not of the United States. ECF No. 14-1 at 2; ECF No. 14-2 at 3. However, in the Amended Petition, Petitioner alleges that he recently discovered evidence that he was born in the United States – and thus is a citizen of the United States. ECF No. 6 at 13. He attaches records from his adoption in support of this argument. Id. at 130, 138. Petitioner raises this as a basis for release – along with the argument that he is entitled to remain in the United States, despite his prior order of removal, for a variety of reasons. ECF No. 6 at 7 and 10.

This Court has jurisdiction to address Petitioner's claim of United States citizenship – but only to the extent that it challenges his detention, Flores-Torres v. Mukasey, 548 F.3d 708, 710 (9th Cir. 2008), and was not raised as a defense in Petitioner's removal proceedings. Olopade v. Att'y Gen., 565 F. App'x 71, 73 (3d Cir. 2014) (citing 8 U.S.C. § 1503(a)). This Court lacks jurisdiction to review the legality of Petitioner's underlying final order of removal on that basis, or on any of the other bases raised in the Amended Petition. Flores-Torres, 548 F.3d at 711; See also 8 U.S.C. § 1252(2)(5).

Because, for the reasons that follow, Petitioner has shown entitlement for federal habeas relief on other grounds, this Court will not consider the merits of his citizenship argument.

the United States without having been admitted or paroled.[4]  ECF No. 14-2 at 3.  He was ordered removed to India by an Immigration Judge ("IJ") on April 30, 2020.  ECF No. 14-1 at 2.

On April 8, 2021 – after nearly a year of post-removal order detention – Petitioner was released subject to conditions of supervision.  ECF No. 14-3 at 2-6.  The parties do not argue that Petitioner ever violated the terms of his supervision, and the record includes no evidence of the same.  However, for reasons that are not clear, Petitioner's supervised release was revoked, and he was detained again on April 17, 2025.  Petitioner alleges that he was informed at the time of his redetention that Department of Homeland Security ("DHS") officials had procured travel documents for Petitioner from India.  ECF No. 21 at 8.  However, Petitioner has submitted records of written correspondence with immigration officials subsequent to the initiation of his redetention, directing him to apply for an Indian passport in June of 2025 – supporting the conclusion that no travel documents actually had been obtained at the time that he was detained.  Id. at 33-34, 36.  There is no indication that India ever has issued travel documents for Petitioner.  Id. at 37.

Petitioner remains detained as of the date of this writing, nearly eight months later.  This is in addition to the nearly one year that he spent in detention between 2020 and 2021, after his order of removal became final.

The initial Petition was filed on August 21, 2025.  ECF No. 1.  The Amended Petition was filed on September 16, 2025.  ECF No. 6.  Respondents answered on October 29, 2025.  ECF No. 14.  Petitioner's Traverse was filed on November 20, 2025, ECF No. 20, and resubmitted on the following day, ECF No. 21.

---

[4] Rather than citing to the United States Code, and for reasons that are unclear, immigration officials tend to cite directly to sections of the Immigration and Nationality Act ("INA").  These citations often do not match up to the United States Code in any discernable fashion.  In order to avoid unnecessary confusion, this Court will provide parallel citations to the United States Code and the INA where necessary.

The Amended Petition is ripe for consideration.

## II. DISCUSSION

28 U.S.C. § 2241 allows a court to grant a writ of habeas corpus to a prisoner held "in violation of the Constitution or laws or treaties of the United States[.]" Id. at § 2241(c)(3). This Court has jurisdiction to hear the merits of the instant case under that statute. Zadvydas v. Davis, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention."). See also Roe v. Oddo, No. 25-cv-128J, 2025 WL 1892445, at *4 (W.D. Pa. July 9, 2025) (holding that 8 U.S.C. § 1252(g) did not strip the court of jurisdiction since it was "examining the contest of Petitioner's detention" and not "reviewing Petitioner's removal order.").

8 U.S.C. § 1231(a) states, in pertinent part:

> [(1)(A)] Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").

\*\*\*

> [(2)(A)] During the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) or 1182(a)(3)(B) of this title or deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title.

\*\*\*

> [(6)] An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

Once the 90-day removal period of Section 1231(a) has passed, and after "removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute[,]" and the alien must be released. Zadvydas, 533 U.S. at 699. "Indefinite, perhaps permanent, detention" is not authorized. Id. To the contrary, the United States Supreme Court has found that interpreting the statute to allow for indefinite detention would raise "a serious constitutional threat[.]" Id.

Thus, in Zadvydas, the Supreme Court interpreted § 1231(a)(6) to limit post-removal order detention to a period "reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. The Court found that a post-removal order detention period of six months was "presumptively reasonable[;]" however, beyond those six months, if removal no longer is reasonably foreseeable, continued detention becomes unauthorized. Id. at 701.

"After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id. Thus, an alien is not necessarily entitled to release at the conclusion of six months of post-removal order detention. Instead, DHS may continue detention until no significant likelihood of removal in the reasonably foreseeable future exists. Id. But "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id.

Here, Petitioner has been held for nearly eight months of post-removal order detention, on top of his prior post-removal order detention of almost one year.

In cases involving redetention where an order of supervision is revoked due to imminent removal, some courts have held that the government bears the burden to show that removal is likely in the reasonably foreseeable future, because such a showing is required under its own regulations. Escalante v. Noem, No. 25-cv-182, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025)

(citing 8 C.F.R. §§ 241.13(i)(2) and 241.4(b)(4)). However, here it is unnecessary to determine whether the burden shifts to Respondents because, under the facts of this case, Petitioner meets his burden under Zadvydas. Petitioner was ordered removed in 2020. After nearly a year of detention, and several years under supervision, DHS officials failed to obtain travel documents for Petitioner. The evidence of record indicates that DHS officials still lacked travel documents at the time that they re-detained Petitioner on April 17, 2025. There is no evidence on the record that DHS has those documents even now, or that they are any closer to obtaining them than they were in 2020.

Respondents, for their part, present nothing in their Answer to rebut Petitioner. See generally, ECF No. 14. Their evidence of the likelihood of Petitioner's removal in the foreseeable future is so lacking that the undersigned wonders why Petitioner has not been released already without the intervention of this Court.

Respondents' have not adduced sufficient evidence to "rebut [Petitioner's] showing." Zadvydas, 533 U.S. at 701. "A remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future." Escalante, 2025 WL 2206113, at *4 (quoting Kane v. Mukasey, No. 08-cv-037, 2008 WL 11393137, at *5 (S.D. Tex. Aug. 21, 2008), superseded by 2008 WL 11393094 (S.D. Tex. Sept. 12, 2008) (a new report and recommendation was entered denying the petition as moot because petitioner was deported prior to the order adopting the report), adopted by 2008 WL 11393148 (S.D. Tex. Oct. 7, 2008)).

This Court therefore finds that, under Zadvydas, Petitioner has provided "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and Respondents have not "respond[ed] with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701. Petitioner's continued detention is not authorized by Section 1231.

The writ will be granted directing Petitioner's release from custody forthwith, subject to appropriate conditions in accordance with 8 U.S.C. § 1231(a)(3).

An appropriate order will follow.

### III.   CONCLUSION

For the reasons set forth herein, the Amended Petition, ECF No. 6, will be granted.

A certificate of appealability is not required for federal detainees seeking relief under Section 2241.  Muza v. Werlinger, 415 F. App'x 355, 357 n.1 (3d Cir. 2011).  See also 28 U.S.C. § 2253(c)(1).  Therefore, it is not necessary to determine whether one should be issued here.

An appropriate Order follows.


Dated: December 14, 2025

BY THE COURT,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE


cc:   Counsel of record (*via* CM/ECF)